# Davis v. Zazow

*Freedman, Landy & Lorry*, for plaintiff.

*Swartz, Campbell & Henry*, for defendants.

GOLD, J., December 6, 1960.—This matter arises on defendants' motion to compel plaintiff, Annie Davis, to answer fully defendant's attorney's questions as to liability at a deposition. The record discloses the following background:

Plaintiff suffered personal injuries allegedly because of the negligence of defendants. Shortly thereafter, defendants, through an insurance carrier investigator, took a detailed statement from plaintiff in which plaintiff answered all questions asked of her concerning the liability phase of the accident. At a subsequent date, suit was instituted on behalf of plaintiff and defendants arranged to take plaintiff's depositions. Plaintiff appeared, answered all questions as to her physical injuries but refused, upon advice of counsel, to answer any questions concerning the liability aspect of the case.

Plaintiff's counsel, at the deposition, requested to see the statement given by plaintiff to the investigator

and offered to withdraw his objection to the questioning as to liability if the statement were forthcoming. Defendants refused to afford counsel an opportunity to examine the statement and, instead, brought the instant motion to compel plaintiff to answer.

Defendants predicate their position upon our Rule of Civil Procedure 4011(d) which makes privileged information which would disclose the existence or location of statements secured in anticipation of litigation, citing Fahey v. Philadelphia Transportation Co., 15 D. & C. 2d 555 (1955). That case stands for the proposition that where a plaintiff files a motion seeking to compel defendant to disclose information contained in a statement taken from plaintiff, the statement will be considered privileged under rule 4011(d).

We make no comment on the rationale of the Fahey case, or whether we agree or disagree with its holding. We do say that the decision in that case is inapplicable to the situation before us. We are faced with defendant's motion to compel discovery, not plaintiff's, and we must consider the problem not in the light of whether plaintiff is entitled to the statement, but whether defendant is entitled, under all the circumstances, to compel discovery.

Discovery, and deposition in furtherance thereof, is available to a party when it will *substantially* aid in the preparation of pleadings or trial: Pa. R. C. P. 4007(a). Plaintff's counsel contends that having already ascertained all of the relevant facts dealing with the liability aspect of the case during the interview with plaintiff and having recorded all these facts, defendant cannot be substantially aided by the discovery sought.

Apropos to this contention, this court has noted the cases of Robbins, etc., v. Lashner, 1 D. & C. 2d 302 (1954), and Berlin v. Brody, 4 D. & C. 2d 173 (1955). In the Robbins case, an interrogatory addressed to

defendant asked whether or not a promise had been made by him to plaintiff. The court pointed out that defendant, in his answer, had already denied making such a promise.

"What is to be gained by interrogating him on this issue prior to trial? Plaintiff already has defendant's sworn statement": At page 310.

In the Berlin case, defendant refused to answer certain questions propounded by plaintiff at an oral deposition. The court pointed out that the questions had already been answered in the pleadings.

"Questions Nos. 1 to 6, inclusive, have already been expressly answered in the pleadings. Plaintiff has the sworn statement of defendants. Discovery which seeks answers to matters already treated in the pleadings cannot be proper discovery. A second denial under oath cannot substantially aid in preparation of the case for trial": At page 175.

Defendants, in the case at bar, seize upon the words "under oath" and "sworn." They contend that there is nothing in the rules by which the taking of a statement prior to litigation and not under oath is to be considered a substitute for a discovery deposition.

We point out that the issue before us is not whether the statement is a substitute for discovery but whether the discovery will substantially aid defendant. Because we will not assume that persons, even potential litigants, speak untruths merely because they are not sworn when so speaking, and because the statement given by plaintiff was so close in time to the accident that defendants will undoubtedly give it more weight than later depositions in the preparation of their case, we are of the opinion that the sought-after deposition will not substantially aid defendants. In any event, if defendants wanted plaintiff's affirmance, under oath, of the statement given to their investigator, it

would have been a simple matter to produce the statement and then question plaintiff concerning it.

Defendant's emphasis on the oath takes us into an area which even more strongly tends to deny discovery under the circumstances before us. Rule 4011(a) provides that no discovery shall be permitted which is sought in bad faith. In this light we note that our courts have oft decried the tendency of counsel to try to make use of discovery to "obtain a script for trial": McLoughlin v. Moore, 10 D. & C. 2d 257 (1956). See also Claughton v. Bear, Stearns & Co., 12 D. & C. 2d 712, 714 (1958): "Surely the rules of civil procedure are not designed to make the court a ballet master to pass upon exhibitions of footwork", and Fahey v. Philadelphia Transportation Co., supra, at page 556, where the court said: "We encounter here the all too frequent cat-and-mouse game and sparring for tactical position."

Where defendants have taken a prior written statement from a plaintiff and then seek discovery while refusing to furnish plaintiff with a copy of that statement, it is apparent that the discovery is not sought in good faith: Perkins v. Pittsburgh Railways Co., 6 D. & C. 2d 655, 656 (1955).

"The very purpose of rules of discovery is to substantially aid a party with the preparation of the pleadings or the preparation of the trial of the case. It is the opinion of this court that if defendant is seeking answers to the interrogatories in good faith, then there should be no objection to furnishing plaintiff with a copy of her prior written statement. Otherwise, it would appear that defendant's motive is not to obtain aid in the preparation of its case but rather to place plaintiff in an unfavorable tactical position."

Where discovery is attempted which violates one of the limitations of rule 4011, the courts have not hesi-

tated to issue the proper protection order: McLaughlin v. Moore, supra. Similarly, a motion to compel discovery which violates those limitations must be dismissed.

Accordingly, we enter the following

*Order*

And now, to wit, December 6, 1960, it is ordered and decreed that defendants' motion seeking to compel plaintiff to be orally deposed concerning the liability aspects of the above-captained case be dismissed.